T. D. MARTIN and others v. J. M. WORTH, State Treasurer.

*Parties—Claim against the State—Jurisdiction.*

The state (not the public treasurer) is the proper party defendant in an action, wherein the plaintiff demands the return of bonds alleged to have been exchanged for other bonds in 1862, and the jurisdiction to hear such claim, it being one against the state, is exclusively lodged in the supreme court.

(*Rand* v. *The State,* 65 N. C., 194, cited and approved).

CIVIL ACTION, tried at June Special Term, 1883, of WAKE Superior Court, before *Philips, J.*

The facts are stated in the opinion of this court. The Attorney-General filed a demurrer to the plaintiff's complaint, which, upon the hearing of the case in the court below, was overruled, and the defendant appealed.

*Messrs. J. W. Hinsdale* and *John Devereux, Jr.,* for plaintiff. *Attorney-General,* for the defendant.

SMITH, C. J. The facts contained in the complaint and admitted in the demurrer upon which our interpretation is demanded are these:

In the month of April, 1862, Fred. Fisher, Daniel M. Barringer, of whom two of the plaintiffs are successors, and

William S. Mason, the other plaintiff, as trustees under the will of one Josiah Ogden Watson, and in execution of the trusts therein declared, held five several bonds of the state, each in the sum of five thousand dollars, which had matured in January preceding.

At the time first mentioned, the said trustees delivered three of the bonds to the treasurer then in office and acting, and received from him a certificate or acknowledgment en-titling them to other bonds of like amount instead.

In October of the same year the certificate was returned and the three several state bonds provided for, issued in place of the first, were delivered to the trustees, bearing interest at the higher rate of eight per cent. per annum, and bearing date on March 1st previous, numbered respectively, 91, 206, 207. These surrendered bonds remain in the treasurer's office in custody of the defendant, the present incumbent.

The exchange was made, as a renewal of the public indebtedness, for the reason that there were no good funds which could be used in payment at the time, and for no other consideration, nor was the transaction meant in any way to aid the state in its then pending struggle with the federal government to separate it from the Union.

The plaintiffs demand of the defendant the restoration of these original state bonds, in order to their being funded under the provisions of the act of March 4th, 1879, (ch. 98) extended by the act of January 16th, 1883, (ch. 6) if they are still in the treasury and can be produced, and, if not, that the treasurer be required to issue to them, such as are authorized by the said acts in case the said surrendered bonds had always remained in their hands, and no such exchange made.

Upon the hearing the court overruled the demurrer with permission to the defendant to answer the complaint, and

from this judgment the appeal is taken to this court.   The correctness of this ruling is the question before us.

The defendant is but the custodian of the surrendered bonds, having had no personal part in the transaction by which they passed into the possession of his predecessor, and the substantial object aimed at in the suit is to have a judgment declaring the validity of the surrendered public securities as if no exchange had been made, and to estab- lish the state indebtedness under them as still subsisting, and the return of the evidences thereof.   The state has a direct interest in this issue, since, if redelivered, the state may be deprived of the right to cancel them, and thus ex- tinguish the obligations of the covenants.

The judgment demanded is that these returned securities, notwithstanding the voluntary acceptance of others, sub- stituted in their place, subsist in unimpaired force and im- pose a liability still upon the state.

That this is an assertion of a claim against the state, and an effort to enforce it as such, in an action to which the state is not and cannot be made a party in the jurisdiction in- voked, is too manifest to require argument in its support. The proceeding finds no sanction in the rulings in *Osborne* v. *Bank of the United States*, 9 Wheat., 738, and other cases recognizing the principle there laid down; and "original jurisdiction to hear claims against the state" is under the constitution confided exclusively to the supreme court. Const., Art. IV, § 9.

The state is an essential party to the controversy which involves its continuous responsibility upon the bonds, and should have an opportunity to contest the obligation.

An action very similar, differing merely in the fact that the bonds were taken up with an issue of state treasury notes instead of the issue of other bonds, was before this court in the exercise of the original jurisdiction conferred by the constitution, in *Rand* v. *State*, 65 N. C., 194, thus

recognizing the proper tribunal to entertain and pass upon the claim.

There is no cause of action shown against the defendant, and in refusing the plaintiffs' demand he is but discharging an official duty in the safe keeping and preservation of these papers of the state.

There was error in the judgment overruling the demurrer and it must be reversed, the demurrer sustained and the action dismissed.

Error.                                      Reversed.